**DELDAR LEGAL**
P. David Cienfuegos (SBN 225394)
*dcienfuegos@deldarlegal.com*
Mona Deldar (SBN 231393)
*mdeldar@deldarlegal.com*
Alister S Wong (SBN 320182)
*awong@deldarlegal.com*
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (844) 335-3271

Attorneys for Plaintiff RUSSELL LATTA

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL LATTA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>RYOBI TECHNOLOGIES, INC., a Delaware corporation; ONE WORLD TECHNOLOGIES, INC. D.B.A. TECHTRONIC INDUSTRIES POWER EQUIPMENT, a Delaware corporation, HOME DEPOT U.S.A., INC., a Delaware Corporation,<br><br>Defendant | Case No.:<br><br>**COMPLAINT FOR DAMAGES:**<br>1. **NEGLIGENCE;**<br>2. **STRICT LIABILITY - RESTATEMENT OF TORTS § 402A;**<br>3. **STRICT LIABILITY - RESTATEMENT OF TORTS § 402B;**<br>4. **STRICT PRODUCT LIABILITY;**<br>5. **BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**<br><br>**DEMAND FOR JURY TRIAL** |

**1**
**COMPLAINT FOR DAMAGES**

Plaintiff, Russell Latta ("Plaintiff"), complains and alleges, as follows:

## INTRODUCTION

1. This is a products liability case against, inter alia, Ryobi Technologies, Inc. ("Ryobi"), ONE WORLD TECHNOLOGIES, INC. D.B.A. TECHTRONIC INDUSTRIES POWER EQUIPMENT ("OWT") and HOME DEPOT U.S.A., INC. ("Home Depot") which design, manufacture and/or sell circular saws, one of the most dangerous products on the consumer market today.

2. Ryobi and OWT circular saws, sold through Home Depot, caused tens of thousands of serious injuries every year.

3. Ryobi, OWT and Home Depot are fully aware that their circular saws cause significant injuries.

4. Ryobi and OWT decided to forgo safer alternative designs for their own economic benefit. Plaintiff Russell Latta is but the latest of the foreseeable victims of Ryobi and OWT's corporate decision to expose the general public to their unsafe and dangerous circular saws.

5. On October 27, 2019, the Defendants' defective and unreasonably dangerous circular saw amputated Plaintiff's thumb on left hand and caused severe injuries to his left thumb, and hand.

## JURISDICTIONAL STATEMENT

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 given the diversity in citizenship of the parties and the fact that the amount in controversy exceeds $75,000.00.

7. The Honorable Court has personal jurisdiction over each Defendant in this action as each Defendant has sufficient contacts with the State of California, including doing business in California and intending their designed, manufactured or sold.

8. Venue is appropriate in this judicial district Court under 28 U.S.C. § 1391(b) as the events that gave rise to this Complaint occurred within this district.

## PARTIES

9. Plaintiff, Russell Latta, is an adult individual who resides at the County of Joaquin,

State of California.

10. Defendant Ryobi Technologies, Inc. is upon information and belief, a Delaware corporation with a principal place of business at 1428 Pearman Dairy Road, Anderson, South Carolina.

11. Defendant OWT is, upon information and belief, a Delaware corporation with a principal place of business at 1428 Pearman Dairy Road, Anderson, South Carolina. One World is affiliated with Ryobi and manufactures, distributes, and sells power tools under the Ryobi name.

12. Defendant Home Depot is, upon information and belief, a Delaware corporation, with a principal place of business at 2727 Paces Ferry Road, Atlanta, GA 30339. Defendant Home Depot is a retailor for power tools, designed and manufactured by Ryobi and OWT, and is at all times relevant a company doing business in the County of San Joaquin, with its retail store located at 303 E Lake Merced Blvd., Daly City, CA 94015.

13. Venue is proper in the County of Joaquin pursuant to Section 395(a) of the Code of Civil Procedure in that each Defendant systematically conducted business, under the laws of California, on a regular basis in the County of Joaquin, State of California and the wrongful conduct complained of occurred in the County of Joaquin.

## FACTUAL BACKGROUND

**The Incident**

14. In 2012, Ryobi and OWT designed, manufactured, tested, supplied, sold, and/or distributed an 18-volt, 6.5-inch circular saw, Model P507 ("Ryobi saw").

**Ryobi and OWT distributed and/or sold the Ryobi saw in California by and through Home Depot**

15. At or around spring of 2019, Plaintiff Latta purchased the Ryobi saw from a retail store owned and managed by Defendant Home Depot located at 303 E Lake Merced Blvd., Daly City, CA 94015.

16. On or about October 27, 2019, Plaintiff Latta was holding onto a wood stud he was cutting with his left hand, his right hand was holding onto the Ryobi saw. The plastic guard

on the Ryobi saw sticks in the upright open position. The guard was stuck up because it had saw dust in it making it useless as a guard, and leaving exposed a whirling blade in front of the user that has no safety feature. The Ryobi saw bit into a bind or knot and kicked back but the guard didn't come down as it is designed to do. Plaintiff Latta suffered severe and disfiguring injuries while operating the Ryobi saw that left him with only 1/2 a left thumb as the thumb could not be reattached.

17. Latta was taken to the hospital where he was treated for traumatic amputation at the first DIP joint with comminuted fracture fragments adjacent to the proximal and distal first phalanges. Diffuse soft tissue swelling. Severe first CMC degeneration and subluxation. Osseous fragment at the distal ulna favored to represent remote ulnar styloid injury.

**The Unreasonably Dangerous Saw Caused Russell Latta's Injuries**

18. Defendants Ryobi and OTW manufacture circular saws which fail to utilize available technology that would prevent the traumatic injury suffered by Plaintiff Latta.

19. Defendants Ryobi and OWT are aware that circular saws are one of the most dangerous tools used.

20. Defendant Ryobi and OWT have known that safer technologies exist and are available for use in order to mitigate or eliminate the effects of accidental blade contact with human flesh.

21. Despite being aware that safer technologies exist, Defendants Ryobi and OWT have failed to utilize technology in the production and manufacturing of their saws.

22. Defendants Ryobi and OWT's decision to forgo the use of a safer alternative design directly led to the injury suffered by Plaintiff Latta.

23. Had Defendants Ryobi and OWT employed available and safer technology, Plaintiff Latta would not have been injured, or the severity of his injury would have been substantially reduced.

24. Defendants Ryobi and OWT manufactured, marketed, and sold the unreasonably dangerous, hazardous, and defective circular saw which caused Plaintiff to suffer permanent

disfigurement to his right fingers and hand.

25. Defendants Ryobi and OWT Before manufactured and sold the circular saw used by Plaintiff Latta, despite having knowledge of the dangers of their product based upon prior accident reports, trade publications, and prior product liability litigation.

26. Defendants Ryobi and OWT knew their saws were unreasonably dangerous and hazardous to consumers.

27. Defendants Ryobi and OWT knew that their continued manufacture and sale of their dangerous and hazardous circular saws would cause and continue to cause severe injuries, including amputations like the one suffered by Plaintiff Latta.

28. Defendants Ryobi and OWT knew that their circular saw was unsafe, but Defendants made the decision not to incorporate available safer technologies.

29. Defendants Ryobi and OWT's decision resulted in Plaintiff Latta suffering serious and permanent injuries.

**FIRST CAUSE OF ACTION**

**NEGLIGENCE**

**Plaintiff RUSSELL LATTA v. Defendants RYOBI TECHNOLOGIES, INC. and ONE WORLD TECHNOLOGIES, INC. D.B.A. TECHTRONIC INDUSTRIES POWER EQUIPMENT**

30. The above paragraphs are incorporated herein by reference as if the same were fully set forth herein.

31. Defendants Ryobi and OWT owed a duty to design, manufacture, market, distribute, sell and/or supply products in such a way so as to avoid harm to persons using them, such as Plaintiff Russell Latta.

32. Defendants Ryobi and OWT breached this duty.

33. Defendants Ryobi and OWT owed a duty to warn of the hazards and dangers associated with the use of their products, so as to avoid harm to persons using them, such as Plaintiff Russell Latta.

34. Defendants Ryobi and OWT breached this duty.

35. A safer alternative design of the Ryobi Saw was available to Defendants Ryobi and OWT and in all reasonable probability, the same product could have been designed/manufactured/sold with appropriate technology, component, device and/or mechanism which would have prevented or significantly reduced the risk of injury without impairing the saw's utility.

36. The cost of correctly designing the Ryobi Saw to eliminate the defects was economically and technologically feasible at the time the product left the control of Ryobi and OWT.

37. Defendants Ryobi and OWT knew or should have known that their circular saws were unreasonably dangerous without adequate safeguards, warnings, and/or instructions.

38. Defendants Ryobi and OWT had actual knowledge of the means of designing safer and effective circular saws.

39. Defendants Ryobi and OWT, acting by and through its authorized parents, divisions, subsidiaries, agents, servants, successors, assigns and/or employees, were negligent, careless, and reckless in designing, testing, manufacturing, marketing, distributing, selling and/or supplying the Ryobi saw, both generally and in the following particular respects:

    a. negligently designing, testing, manufacturing, marketing, distributing, developing, selling and/or supplying the Ryobi saw that did not instantly shut off after detecting flesh;

    b. negligently designing, equipping, and selling the Ryobi saw without an interlocked guard;

    c. negligently designing, testing, manufacturing, marketing, distributing, developing, selling and/or supplying the Ryobi saw in such a way that persons using it would not be appraised of its danger;

    d. designing, testing, manufacturing, marketing, distributing, developing, selling and/or supplying the Ryobi saw in such a way that it would fail to guard against flesh injuries to circular saw users;

    e. designing, testing, manufacturing, marketing, distributing, developing, selling

and/or supplying the Ryobi saw negligently and in such a way that made it unsafe for persons using it;

f.  failing to employ appropriate technology, component, device and/or mechanism which would have prevented or significantly reduced the risk of injury without impairing the circular saw's utility;

g.  failing to employ appropriate technology which would cause the circular saw to shut off when it comes in contact with human flesh;

h.  failing to supply the Ryobi circular saw which was free of defects and was fit and safe in all respects for its intended and foreseeable uses;

i.  negligently designing, testing, manufacturing, marketing, distributing, developing, selling and/or supplying the Ryobi saw in an unsafe condition

j.  disregarding the safety and well-being of users of the Ryobi circular saw by designing, manufacturing, and selling them in an unsafe matter;

k.  disregarding the health, safety, and well-being of users of the Ryobi saw, including Plaintiff, by failing to eliminate, rectify and/or warn of known dangers and defects which involved a substantial likelihood of injury;

l.  failing to provide adequate instructions and warnings covering all known or reasonably foreseeable eventualities;

m.  failing to keep abreast of state of the art and existing principles of science, engineering, design and/or applying such knowledge and principles to the design of the Ryobi saw;

n.  failing to recall the defective Ryobi saw;

o.  failing to provide adequate warning that the Ryobi saw would not instantly shut off when it came in contact with flesh;

p.  failing to recall, broadcast warn, advertise, warn, or repair the design and manufacturing defect of the Ryobi saw as detailed here

q.  failing to adequately identify, investigate, record, and incorporate into its design, development, engineering, fabrication, assembly and/or manufacture

of the Ryobi saw the knowledge gained from prior incidents in which Ryobi saw caused serious injuries to their users despite the exercise of all reasonable and due care;

r. consciously disregarding the safety consequences of its design decisions, which Defendants Ryobi and OWT knew through prior accidents and litigation could and would result in severe injuries, and choosing to place more importance on its corporate profits than on its products' safety; and

s. deliberately deciding to not incorporate into the design of Ryobi saw feasible and commercially available alternate designs that would have improved its product's safety and prevented Plaintiff's injuries.

40. As a direct result of Defendant's carelessness and negligence, Plaintiff, Russell Latta sustained serious and permanently disabling injuries, including, but not limited to, traumatic amputation at the first DIP joint with comminuted fracture fragments adjacent to the proximal and distal first phalanges. Diffuse soft tissue swelling. Severe first CMC degeneration and subluxation. Osseous fragment at the distal ulna favored to represent remote ulnar styloid injury.

41. As a direct and proximate result of the conduct of the Defendants, Plaintiff, Russell Latta, has suffered and will continue to suffer in the future great pain and anxiety, depriving plaintiff of life's pleasures, together with great embarrassment and humiliation.

42. As a result of this accident, Plaintiff, Russell Latta, was forced to expend various sums of money for treatment, surgery and medicine for his injuries and may be compelled to make additional expenditures for the same purpose in the future.

43. As a result of this accident, Plaintiff, Russell Latta, has been unable to attend his usual and customary daily activities and occupations, all to his great detriment and loss.

44. As a further direct and proximate result of the negligence on the part of the Defendant, Plaintiff, Russell Latta, has and will be deprived in the future of earnings and earning capacity, all to his great detriment and loss.

///

**SECOND CAUSE OF ACTION**

**STRICT LIABILITY RESTATEMENT OF TORTS § 402A**

**Plaintiff RUSSELL LATTA v. Defendants RYOBI TECHNOLOGIES, INC., ONE WORLD TECHNOLOGIES, INC. D.B.A. TECHTRONIC INDUSTRIES POWER EQUIPMENT and HOME DEPOT U.S.A., INC.**

45. The above paragraphs are incorporated herein by reference as if the same were fully set forth herein.

46. Defendants Ryobi, OWT and Home Depot, at all times pertinent to this Complaint, were engaged in the design, testing, manufacture, marketing, development, distribution, and sale of goods, in particular, the above-noted circular saw within the meaning of §402A of the Restatement (Second) of Torts.

47. The subject Ryobi saw expected to, and did reach users, included Plaintiff Latta, without substantial without substantial change in the condition in which it was sold.

48. When the Ryobi saw left the possession of Defendants Ryobi, OWT and Home Depot, it was in a defective condition creating risk of harm to a user, including Plaintiff Latta.

49. The defective condition of the above-noted Defendants Ryobi, OWT and Home Depot, includes, inter alia, the following deficiencies:

    a. Designing, testing, manufacturing, marketing, distributing, developing, selling and/or supplying the Ryobi saw that did not instantly shut off after detecting flesh;

    b. Designing, equipping, and selling the Ryobi saw without an interlocked guard;

    c. Designing, testing, manufacturing, marketing, distributing, developing, selling and/or supplying the Ryobi saw in such a way that persons using it would not be appraised of its danger;

    d. Designing, testing, manufacturing, marketing, distributing, developing, selling and/or supplying the Ryobi saw in such a way that it would fail to guard against flesh injuries to circular saw users;

    e. Designing, testing, manufacturing, marketing, distributing, developing, selling

and/or supplying the Ryobi saw negligently and in such a way that made it unsafe for persons using it;

f. Failing to employ appropriate technology, component, device and/or mechanism which would have prevented or significantly reduced the risk of injury without impairing the circular saw's utility;

g. Failing to employ appropriate technology which would cause the circular saw to shut off when it comes in contact with human flesh;

h. Failing to supply the Ryobi circular saw which was free of defects and was fit and safe in all respects for its intended and foreseeable uses;

i. Designing, testing, manufacturing, marketing, distributing, developing, selling and/or supplying the Ryobi saw in an unsafe condition;

j. Disregarding the safety and well-being of users of the Ryobi circular saw by designing, manufacturing, and selling them in an unsafe matter;

k. Disregarding the health, safety, and well-being of users of the Ryobi saw, including Plaintiff, by failing to eliminate, rectify and/or warn of known dangers and defects which involved a substantial likelihood of injury;

l. Failing to provide adequate instructions and warnings covering all known or reasonably foreseeable eventualities;

m. Failing to keep abreast of state of the art and existing principles of science, engineering, design and/or applying such knowledge and principles to the design of the Ryobi saw;

n. Failing to recall the defective Ryobi saw;

o. Failing to provide adequate warning that the Ryobi saw would not instantly shut off when it came in contact with flesh;

p. Failing to recall, broadcast warn, advertise, warn, or repair the design and manufacturing defect of the Ryobi saw as detailed here

q. Failing to adequately identify, investigate, record, and incorporate into its design, development, engineering, fabrication, assembly and/or manufacture

of the Ryobi saw the knowledge gained from prior incidents in which Ryobi saw caused serious injuries to their users despite the exercise of all reasonable and due care;

r. Consciously disregarding the safety consequences of its design decisions, which Defendants Ryobi and OWT knew through prior accidents and litigation could and would result in severe injuries, and choosing to place more importance on its corporate profits than on its products' safety; and

s. Deliberately deciding to not incorporate into the design of Ryobi saw feasible and commercially available alternate designs that would have improved its product's safety and prevented Plaintiff's injuries.

50. At the time Plaintiff Latta suffered his severe and disfiguring injuries, the Ryobi saw was being used in a foreseeable manner and for its foreseeable intended use and purpose.

51. The above-noted defects cause Plaintiff Latta's severe and disfiguring injuries.

52. The aforesaid incident and Plaintiff Latta's injuries were caused by Defendants Ryobi, OWT and Home Depot's designing, manufacturing, marketing, distributing, developing, selling and/or supplying the circular saw in a defective condition for which they are strictly liable to the Plaintiff.

53. The aforesaid incident and Plaintiff's injuries and losses were caused by Defendants Ryobi, OWT and Home Depot's designing, manufacturing, marketing, distributing, selling and/or supplying the circular saw without proper and adequate warnings, instructions, and/or guidelines for its safe use for which they are strictly liable to the Plaintiff.

54. As set forth supra, a safer alternative design of the Ryobi saw was available to the Defendants; and in all reasonable probability, the same product could have been designed/manufactured/sold in such a manner which would have prevented or significantly reduced the risk of disfigurement and injury without impairing the saw's utility.

55. The cost of correctly designing the Ryobi saw was economically and technologically feasible at the time the product left the control of the Defendants.

56. Defendants Ryobi and OWT further had actual knowledge of the means of

designing such a saw which would not have caused the Plaintiff's injuries in the manner described above.

57. As a direct result of Defendants' carelessness and negligence, Plaintiff, Russell Latta sustained serious and permanently disabling injuries, including, but not limited to, traumatic amputation at the first DIP joint with comminuted fracture fragments adjacent to the proximal and distal first phalanges. Diffuse soft tissue swelling. Severe first CMC degeneration and subluxation. Osseous fragment at the distal ulna favored to represent remote ulnar styloid injury.

58. As a direct and proximate result of the conduct of the Defendants, Plaintiff, Russell Latta, has suffered and will continue to suffer in the future great pain and anxiety, depriving plaintiff of life's pleasures, together with great embarrassment and humiliation.

59. As a result of this accident, Plaintiff, Russell Latta, was forced to expend various sums of money for treatment, surgery and medicine for his injuries and may be compelled to make additional expenditures for the same purpose in the future.

60. As a result of this accident, Plaintiff, Russell Latta, has been unable to attend his usual and customary daily activities and occupations, all to his great detriment and loss.

61. As a further direct and proximate result of the negligence on the part of the Defendant, Plaintiff, Russell Latta, has and will be deprived in the future of earnings and earning capacity, all to his great detriment and loss.

## THIRD CAUSE OF ACTION

## STRICT LIABILITY-- RESTATEMENT OF TORTS § 402B

**Plaintiff RUSSELL LATTA v. Defendants RYOBI TECHNOLOGIES, INC. and ONE WORLD TECHNOLOGIES, INC. D.B.A. TECHTRONIC INDUSTRIES POWER EQUIPMENT**

62. The above paragraphs are incorporated herein by reference as if the same were fully set forth herein.

63. Defendants Ryobi and OWT are strictly liable for the injuries and damages suffered by Plaintiff Latta as a result of the misrepresentations by Defendants in selling the

circular saw pursuant to the provisions of the Restatement (Second) of Torts §402B and the circular saw was defectively advertised, labeled, marketed, distributed, and/or sold by the defendants so as to render it unreasonably dangerous to Plaintiff Latta and others similarly situated.

64. At all times material hereto, Defendants Ryobi and OWT misrepresented the safety and efficacy of the circular saw in their advertising, marketing, packaging, and/or other literature associated with this product, which the Plaintiff relied on in using the circular saw.

65. The warnings and instructions that accompanied the Ryobi saw were inadequate warnings to uses and/or the general public, including Plaintiff Latta about the risks of disfigurement or other permanent injuries caused by the circular saw.

66. Defendants Ryobi and OWT failure to warn included, but were not limited to:
   a. their failure to warn that the circular saw could cause serious injuries, including disfigurement;
   b. their failure to warn of the dangers of the circular saw;
   c. their failure to warn that the circular saw lacked a safety mechanism, guard, safeguard, device, mechanism, sleeve and/or base to prevent severe injuries, such as disfigurement or loss of a body part;
   d. failing to warn that the circular saw lacked a safety/automatic shutoff switch which would disabled the circular saw when human flesh was detected.
   e. their failure to warn that the circular saw did not have an alarm to identify that the saw was coming into contact with human flesh.
   f. their failure to warn that the circular saw could cause serious injuries; and
   g. their failure to warn the circular saw could be unsafe.

67. These marketing defects were some of the producing causes of the Plaintiff's injuries.

68. A safer alternative design and/or appropriate warnings would have prevented or significantly reduced the risk of Plaintiff's injuries, without substantially impairing the utility of the circular saw.

69.  A safer alternative design and/or appropriate warnings were economically and technologically feasible at all times material hereto.

70.  As a direct result of Defendant's carelessness and negligence, Plaintiff, Russell Latta sustained serious and permanently disabling injuries, including, but not limited to, traumatic amputation at the first DIP joint with comminuted fracture fragments adjacent to the proximal and distal first phalanges. Diffuse soft tissue swelling. Severe first CMC degeneration and subluxation. Osseous fragment at the distal ulna favored to represent remote ulnar styloid injury.

71.  As a direct and proximate result of the conduct of the Defendants, Plaintiff, Russell Latta, has suffered and will continue to suffer in the future great pain and anxiety, depriving plaintiff of life's pleasures, together with great embarrassment and humiliation.

72.  As a result of this accident, Plaintiff, Russell Latta, was forced to expend various sums of money for treatment, surgery and medicine for his injuries and may be compelled to make additional expenditures for the same purpose in the future.

73.  As a result of this accident, Plaintiff, Russell Latta, has been unable to attend his usual and customary daily activities and occupations, all to his great detriment and loss.

74.  As a further direct and proximate result of the negligence on the part of the Defendant, Plaintiff, Russell Latta, has and will be deprived in the future of earnings and earning capacity, all to his great detriment and loss.

## FOURTH CAUSE OF ACTION
## STRICT PRODUCT LIABILITY
**Plaintiff RUSSELL LATTA v. Defendants RYOBI TECHNOLOGIES, INC. and ONE WORLD TECHNOLOGIES, INC. D.B.A. TECHTRONIC INDUSTRIES POWER EQUIPMENT and HOME DEPO U.S.A., INC.**

75.  The above paragraphs are incorporated herein by reference as if the same were fully set forth herein.

76.  Prior to October 27, 2019, Defendants Ryobi, OWT and Home Depot knew or willfully and/or recklessly disregarded the fact that the circular saw was dangerous and

hazardous to users.

77. Despite such knowledge, and in willful, wanton, outrageous and reckless disregard for health, safety, and well-being of Plaintiff Latta, Defendants Ryobi and OWT continued to design, manufacture, market, distribute, sell and/or supply circular saw with such characteristics and allowed these products to remain in the stream of commerce where they could injure individuals such as Plaintiff Latta.

78. Defendants failed to warn owners and users of the Ryobi saw of the potential danger posed by the design of it, all to avoid the expense of changing the design of their products and to prevent potential lost revenue.

79. Despite such knowledge, and in willful, wanton, outrageous and reckless disregard for health, safety and well-being of Plaintiff Latta, Defendants to recall, repair or modify the defective circular saw and failed to warn and/or inform owners and users and the public of the dangers posed by it and how to reduce and/or eliminate those dangers, all to avoid the expense of these procedures and to prevent potential lost sales caused by adverse publicity.

80. As set forth above, Defendants Ryobi and OWT's conduct was willful, wanton, reckless, and evidenced a reckless disregard for the health, safety, and well-being of Plaintiff Latta.

81. As a direct result of Defendant's carelessness and negligence, the manufacturing and/or design defect caused Plaintiff, Russell Latta to sustain serious and permanently disabling injuries, including, but not limited to, traumatic amputation at the first DIP joint with comminuted fracture fragments adjacent to the proximal and distal first phalanges. Diffuse soft tissue swelling. Severe first CMC degeneration and subluxation. Osseous fragment at the distal ulna favored to represent remote ulnar styloid injury.

82. As a direct and proximate result of the conduct of the Defendants, the manufacturing and/or design defect caused Plaintiff, Russell Latta, to suffer and will continue to suffer in the future great pain and anxiety, depriving plaintiff of life's pleasures, together with great embarrassment and humiliation.

83. As a result of this accident, Plaintiff, Russell Latta, was forced to expend various

sums of money for treatment, surgery and medicine for his injuries and may be compelled to make additional expenditures for the same purpose in the future.

84. As a result of this accident, Plaintiff, Russell Latta, has been unable to attend his usual and customary daily activities and occupations, all to his great detriment and loss.

85. As a further direct and proximate result of the negligence on the part of the Defendant, Plaintiff, Russell Latta, has and will be deprived in the future of earnings and earning capacity, all to his great detriment and loss.

## FIFTH CAUSE OF ACTION

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

**Plaintiff RUSSELL LATTA v. Defendants RYOBI TECHNOLOGIES, INC. and ONE WORLD TECHNOLOGIES, INC. D.B.A. TECHTRONIC INDUSTRIES POWER EQUIPMENT and HOME DEPOT U.S.A., INC.**

86. The above paragraphs are incorporated herein by reference as if the same were fully set forth herein.

87. In designing, manufacturing, marketing, distributing, selling and/or supplying the Ryobi saw, Defendants expressly warranted that the circular saw was safe for its intended and foreseeable uses and made other express warranties concerning the quality and characteristics of it.

88. In designing, manufacturing, marketing, distributing, selling and/or supplying the Ryobi saw, Defendants warranted that the circular saw was of merchantable quality, was fit and safe for the ordinary and particular purpose for which it was sold, and was free of all defects.

89. Defendants breached these express and implied warranties because the Ryobi saw constituted a serious danger to users, was not safe for its intended or foreseeable uses, was not of merchantable quality, was not fit and safe for the ordinary purposes for which it was sold, and was not free from all defects.

90. As a direct result of Defendants' carelessness and negligence, Plaintiff, Russell Latta sustained serious and permanently disabling injuries, including, but not limited to, traumatic amputation at the first DIP joint with comminuted fracture fragments adjacent to the

proximal and distal first phalanges. Diffuse soft tissue swelling. Severe first CMC degeneration and subluxation. Osseous fragment at the distal ulna favored to represent remote ulnar styloid injury.

91. As a direct and proximate result of the conduct of the Defendants, Plaintiff, Russell Latta, has suffered and will continue to suffer in the future great pain and anxiety, depriving plaintiff of life's pleasures, together with great embarrassment and humiliation.

92. As a result of this accident, Plaintiff, Russell Latta, was forced to expend various sums of money for treatment, surgery and medicine for his injuries and may be compelled to make additional expenditures for the same purpose in the future.

93. As a result of this accident, Plaintiff, Russell Latta, has been unable to attend his usual and customary daily activities and occupations, all to his great detriment and loss.

94. As a further direct and proximate result of the negligence on the part of the Defendant, Plaintiff, Russell Latta, has and will be deprived in the future of earnings and earning capacity, all to his great detriment and loss.

## PRAYER

WHEREFORE, Plaintiff, Russell Latta prays for judgment as follows:

1. For judgment against defendants RYOBI TECHNOLOGIES, INC., ONE WORLD TECHNOLOGIES, INC. D.B.A. TECHTRONIC INDUSTRIES POWER EQUIPMENT and HOME DEPOT U.S.A, INC.;

2. For damages against the Defendants, jointly and severally, in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages;

3. For costs of suit; and

4. For such other and further relief as the court should deem just and proper.

///

///

Dated: October 20, 2021         **DELDAR LEGAL**

By: _____
P. David Cienfuegos (SBN 225394)
*dcienfuegos@deldarlegal.com*
Mona Deldar (SBN 231393)
*mdeldar@deldarlegal.com*
Alister S Wong (SBN 320182)
*awong@deldarlegal.com*
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (844) 335-3271

Attorneys for Plaintiff RUSSELL LATTA

## JURY DEMAND

Plaintiff RUSSELL LATTA hereby demands a jury trial for her claims against defendants RYOBI TECHNOLOGIES, INC. and ONE WORLD TECHNOLOGIES, INC. D.B.A. TECHTRONIC INDUSTRIES POWER EQUIPMENT

Dated: October 20, 2021         **DELDAR LEGAL**

By: _____
P. David Cienfuegos (SBN 225394)
*dcienfuegos@deldarlegal.com*
Mona Deldar (SBN 231393)
*mdeldar@deldarlegal.com*
Alister S Wong (SBN 320182)
*awong@deldarlegal.com*
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (844) 335-3271

Attorneys for Plaintiff RUSSELL LATTA