1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT
9                    FOR THE EASTERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  RUSSELL LATTA, | No. 2:21-cv-01989-DC-CKD |
| 12      Plaintiff, | |
| 13   v. | TENTATIVE PRETRIAL ORDER |
| 14  RYOBI TECHNOLOGIES, INC., et al., | |
| 15      Defendants. | |

16

17        On January 24, 2025, the court conducted a final pretrial conference in this case. Attorney

18  P. David Cienfuegos appeared as counsel for Plaintiff; Attorney Jeffrey R. Williams appeared as

19  counsel for Defendants. Having considered the parties' joint pretrial statements and the views of

20  the parties as expressed at the conference, the court issues this tentative pretrial order.

21        Plaintiff Russell Latta brings this product liability action against Defendant TTI Consumer

22  Power Tools, Inc., and Defendant Home Depot U.S.A., Inc. ("Home Depot"), with claims arising

23  under California common law.

24  I.        JURISDICTION/VENUE

25        Jurisdiction is predicated on 28 U.S.C. § 1332. Jurisdiction is not contested.

26        Venue is proper pursuant to 28 U.S.C. § 1391(b). Venue is not contested.

27  II.       JURY

28        Both parties have demanded a jury trial. The jury will consist of eight jurors.

III.     UNDISPUTED FACTS

1.      On October 27, 2019, Plaintiff Russell Latta, a 68-year-old carpenter and contractor, was working on a remodeling project in San Francisco, California, and was cutting a piece of wood when the saw hit a knot in the wood and kicked back.

2.      Defendants designed, manufactured, tested, supplied, sold, and/or distributed the 18-volt, 6.5-inch circular saw, Model P507 ("Ryobi P507 saw") that Plaintiff was using at the time of the injury giving rise to this lawsuit.

3.      On October 27, 2019, Plaintiff sustained an injury while using Defendants' Ryobi P507 saw, resulting in the partial amputation of his left thumb.

4.      Plaintiff was treated at Zuckerberg San Francisco General Hospital for a traumatic injury that caused part of his finger to be amputated at the joint closest to the fingertip.

5.      An exploration of the wound with irrigation and debridement and revision thumb amputation was performed on October 27, 2019, and Plaintiff was discharged on October 28, 2019.

6.      The subject Ryobi P507 saw that Plaintiff was using at the time of his injury was purchased by Plaintiff from a Home Depot store, and it was designed and manufactured by Defendant TTI Consumer Power Tools, Inc.

IV.     DISPUTED FACTUAL ISSUES

1.      Whether, if the guard had been manufactured as Plaintiff claims it was designed, to include a lower guard torsion spring consisting of a "steel wire with a diameter of 1.4 mm and a spring of 59 mm OD," it would have prevented the blade from coming into contact with Plaintiff's hand, thereby avoiding the injury.

2.      Whether Defendants, as the designer, manufacturer, distributor, and seller of the Ryobi P507 saw, were aware of this claimed manufacturing defect, and nevertheless continued to sell the Ryobi P507 saw.

3.      Whether Plaintiff was knowingly misusing the Ryobi P507 saw at the time of the incident.

/////

2

V.    DISPUTED EVIDENTIARY ISSUES/MOTIONS IN LIMINE

The parties have not yet filed motions *in limine*. The court does not encourage the filing of motions *in limine* unless they are addressed to issues that can realistically be resolved by the court prior to trial and without reference to the other evidence which will be introduced by the parties at trial. The parties anticipate filing the motions *in limine* listed below. Any motions *in limine* counsel elects to file shall be filed no later than **21 days before trial**. Opposition shall be filed no later than **14 days before trial** and any replies shall be filed no later than **10 days before trial**. Upon receipt of any opposition briefs, the court will notify the parties if it will hear argument on any motions *in limine* prior to the first day of trial.

Plaintiff's Motions *in Limine*

1.    Motion to exclude evidence not disclosed in discovery, including testing data and testimony regarding testing and approvals of the Ryobi P507 saw not produced in discovery or witnessed and/or conducted by the experts on February 6, 2024.

2.    Motion to exclude testimony from Defendants' expert, Jack E. Hyde, regarding the Ryobi P507 saw's compliance with Underwriter's Laboratories, Inc. ("UL") Safety Standard Certification, specifically concerning the lower guard torsion spring.

3.    Motion to exclude testimony from Defendants' expert, Jack E. Hyde, because his opinions lack scientific reliability, reflect bias, and contradict objective evidence from a joint inspection.

4.    Motion to exclude testimony from Defendants' expert, Jack E. Hyde, regarding the saw's compliance with UL standards, consumer expectations, or design defect claims.

5.    Motion to exclude evidence of any injuries sustained by Plaintiff subsequent to and unrelated to the October 27, 2019, incident.

Defendants' Motions *in Limine*

1.    Motion to exclude or limit the testimony of Plaintiff's liability expert witness, Wade Lanning, under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and its progeny.

2.      Motion to exclude evidence of other incidents absent a showing that the circumstances of those incidents are substantially similar to those involved in the present action.

3.      Motion to exclude the introduction of any evidence not timely disclosed by Plaintiff under the Federal Rules of Civil Procedure.

VI.     SPECIAL FACTUAL INFORMATION

Pursuant to Local Rule 281(b)(6), the parties have provided the special factual information pertaining to this action in the appropriate section above for undisputed facts or disputed factual issues.

VII.    RELIEF SOUGHT

1.      Plaintiff seeks past and future non-economic damages, including, but not limited to, physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, anxiety, and emotional distress.

2.      Plaintiff does not seek recovery of any economic damages.

VIII.   POINTS OF LAW

The claims and defenses asserted in this action arise under state law. Plaintiff's negligence claim and strict liability claim (Restatement of Torts § 402b) are brought against Defendant TTI Consumer Power Tools, Inc.; and Plaintiff's strict liability claim (Restatement of Torts § 402a), strict products liability claim, and breach of implied warranty of merchantability claim are brought against Defendants TTI Consumer Power Tools, Inc., and Home Depot.

1.      The elements of, standards for, and burden of proof in a negligence claim.

2.      The elements of, standards for, and burden of proof in a claim of strict liability (Restatement of Torts § 402a).

3.      The elements of, standards for, and burden of proof in a claim of strict liability (Restatement of Torts § 402b).

4.      The elements of, standards for, and burden of proof in a claim of strict products liability.

5.      The elements of, standards for, and burden of proof in a claim of breach of the

4

implied warranty of merchantability.

6. The elements of, standards for, and burden of proof in an affirmative defense of comparative fault.

7. The elements of, standards for, and burden of proof in an affirmative defense of superseding cause.

8. The elements of, standards for, and burden of proof in an affirmative defense of assumption of risk.

9. The elements of, standards for, and burden of proof in an affirmative defense of failure to use the product in an intended or foreseeable manner.

10. The elements of, standards for, and burden of proof in an affirmative defense of misuse.

11. The elements of, standards for, and burden of proof in an affirmative defense of alteration.

12. The elements of, standards for, and burden of proof in an affirmative defense of non-defective product.

13. The elements of, standards for, and burden of proof in an affirmative defense of state of the art.

14. The elements of, standards for, and burden of proof in an affirmative defense of compliance with safety standards.

15. The elements of, standards for, and burden of proof in an affirmative defense of disclaimer of warranty.

16. The elements of, standards for, and burden of proof in an affirmative defense of reasonableness of actions.

17. The elements of, standards for, and burden of proof in an affirmative defense of failure to mitigate.

18. The elements of, standards for, and burden of proof in an affirmative defense of apportionment of non-economic damages.

19. The elements of, standards for, and burden of proof in an affirmative defense of set

1  off.

2  Trial briefs addressing the points of law implicated by these remaining claims shall be

3  filed with this court no later than **7 days before trial** in accordance with Local Rule 285.

4  ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY

5  ASSERTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME IT

6  BECOMES FINAL ARE DISMISSED, AND DEEMED WAIVED.

7  IX.    ABANDONED ISSUES

8  1.    Plaintiff abandons his claim of relief for past lost earnings and loss of future

9  earning capacity.

10  2.    Defendants have withdrawn their first (failure to state a claim), third (fault of

11  others), and seventeenth (statute of limitations) affirmative defenses.

12  X.    WITNESSES

13  Plaintiff's witnesses shall be those listed in **Attachment A**. Defendants' witnesses shall be

14  those listed in **Attachment B**. Each party may call any witnesses designated by the other.

15  A.    **The court does not allow undisclosed witnesses to be called for any purpose,**

16  **including impeachment or rebuttal, unless they meet the following criteria:**

17  (1)    The party offering the witness demonstrates that the witness is for the

18  purpose of rebutting evidence that could not be reasonably anticipated at

19  the pretrial conference, or

20  (2)    The witness was discovered after the pretrial conference and the proffering

21  party makes the showing required in paragraph B, below.

22  B.    Upon the post pretrial discovery of any witness a party wishes to present at trial,

23  the party shall promptly inform the court and opposing parties of the existence of

24  the unlisted witnesses by filing a notice on the docket so the court may consider

25  whether the witnesses shall be permitted to testify at trial. The witnesses will not

26  be permitted unless:

27  (1)    The witness could not reasonably have been discovered prior to the

28  discovery cutoff;

6

        (2)     The court and opposing parties were promptly notified upon discovery of the witness;

        (3)     If time permitted, the party proffered the witness for deposition; and

        (4)     If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

## XI.    EXHIBITS, SCHEDULES, AND SUMMARIES

Joint exhibits are listed in **Attachment C**. Plaintiff's exhibits are listed in **Attachment D**. Defendants' exhibits are listed in **Attachment E**. No exhibit shall be marked with or entered into evidence under multiple exhibit numbers. All exhibits must be pre-marked as discussed below. At trial, joint exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2. Plaintiff's exhibits shall be listed numerically, and Defendants' exhibits shall be listed alphabetically.

The parties must prepare three (3) separate exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above. Each binder shall have an identification label on the front and spine. The parties must exchange exhibits no later than **28 days before trial**. Any objections to exhibits shall be filed no later than **14 days before trial**. In making any objection, the party is to set forth the grounds for the objection. As to each exhibit which is not objected to, no further foundation will be required for it to be received into evidence, if offered. The final exhibit binders shall be delivered to the court by **8:30 a.m. on the first day of trial**.

**The court does not allow the use of undisclosed exhibits for any purpose, <u>including impeachment or rebuttal</u>, unless they meet the following criteria:**

    A.     The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

        (1)     The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

        (2)     The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in paragraph B, below.

B.      Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits by filing a notice on the docket so that the court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

      (1)      The exhibits could not reasonably have been discovered earlier;

      (2)      The court and the opposing parties were promptly informed of their existence;

      (3)      The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

## XII.   DISCOVERY DOCUMENTS

Counsel must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of the Court no later than **14 days before trial**.

Plaintiff has indicated the intent to use the following discovery documents at trial:

1.      Deposition transcript and video of Jack Hyde

2.      Deposition transcript and video of Chip Winchester, the PMQ for TTI Consumer Power Tools, Inc.

3.      TTI Consumer Power Tools, Inc., responses to Request for Admissions

4.      TTI Consumer Power Tools, Inc., responses to Request for Production of Documents

Defendants have indicated the intent to use the following discovery documents at trial:

1.      The video deposition of Dr. Wade Lanning

2.      Plaintiff's Responses to TTI's First Set of Special Interrogatories

3.      The video deposition of Plaintiff Russell Latta

## XIII.   FURTHER DISCOVERY OR MOTIONS

None. Discovery and law and motion are closed under the scheduling order issued in this case.

8

XIV.   STIPULATIONS

1.      The parties have agreed to stipulate that the Plaintiff's injury occurred and that he suffered a partial amputation of his left thumb.

2.      The parties have agreed that they will stipulate to certain undisputed facts and to the admissibility of certain exhibits.

3.      The parties have additionally agreed to confirm the authenticity of all documents produced during discovery.

XV.   AMENDMENTS/DISMISSALS

None.

XVI.   SETTLEMENT

The parties participated in the court's Voluntary Dispute Resolution Program and were unable to reach a settlement of this case. The parties have not yet participated in a court-ordered settlement conference with a magistrate judge. As discussed at the final pretrial conference, the court is referring this case to the assigned magistrate judge for a settlement conference.

A virtual Settlement Conference is hereby SET for 4/8/2025 at 9:30 a.m. before Chief Magistrate Judge Carolyn K. Delaney. The parties are instructed to have a principal with full settlement authority present at the settlement conference or to be fully authorized to settle the matter on any terms. The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. The parties are directed to submit confidential settlement conference statements to the court using the following email address: ckdorders@caed.uscourts.gov. If a party desires to share additional confidential information with the court, they may do so pursuant to the provisions of Local Rule 270(d) and (e). Such statements are due no later than 5:00 p.m. (PST) at least seven (7) days prior to the Settlement Conference. Upon submission of confidential settlement statements, each party shall file on the docket a "Notice of Submission of Settlement

9

1    Conference Statement. The parties are further directed to file a statement waiving disqualification

2    of the settlement judge no later than seven days prior to this settlement conference.

3    XVII.    JOINT STATEMENT OF THE CASE

4           The parties have agreed to the following joint statement of the case:

5                 This is a product liability case filed by the Plaintiff, Russell Latta,
                  against the Defendants TTI Consumer Power Tools, Inc. and Home
6                 Depot U.S.A., Inc., for injuries he sustained on October 27, 2019,
                  while using a Ryobi P507 saw. The plaintiff claims the saw, which
7                 was designed, manufactured, distributed, and sold by the defendants,
                  was defectively designed, and manufactured, failed to meet
8                 consumer safety expectations, and lacked adequate warnings or
                  instructions. He alleges the saw's defective torsion spring created an
9                 unreasonable risk of injury and that the defendants were negligent in
                  failing to warn of the hazards.
10
                  Defendants contend that the P507 saw was safely designed and
11                manufactured, had proper warnings and instructions, and that the
                  Plaintiff's injury was not due to anything done or not done by
12                Defendants, but rather was caused by his unsafe use of the saw.

13   XVIII. SEPARATE TRIAL OF ISSUES

14          None.

15   XIX.    IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

16          None.

17   XX.     ATTORNEYS' FEES

18          Not applicable.

19   XXI.    TRIAL PROTECTIVE ORDER AND REDACTION OF TRIAL EXHIBITS

20          None.

21   XXII.   MISCELLANEOUS

22          None.

23   XXIII. ESTIMATED TIME OF TRIAL/TRIAL DATE

24          Jury trial is scheduled for **May 19, 2025**, at 9:00 a.m. in Courtroom 8 before the

25   Honorable Dena M. Coggins. Trial is anticipated to last 2–4 court days. The parties are directed to

26   Judge Coggins's Standing Order in Civil Actions, which is available on her webpage on the

27   court's website.

28          Counsel are directed to contact Casey Schultz, courtroom deputy, at (916) 930-4209, no

1  later than one week prior to trial to ascertain the status of the trial date.

2  XXIV. PROPOSED JURY *VOIR DIRE* AND PROPOSED JURY INSTRUCTIONS

3      The parties shall file any proposed jury *voir dire* **7 days before trial**. Each party will be

4  limited to fifteen minutes of supplemental jury *voir dire*.

5      The court directs counsel to meet and confer in an attempt to generate a joint set of jury

6  instructions and verdicts. The parties shall file any such joint set of instructions **14 days before**

7  **trial**, identified as "Joint Jury Instructions and Verdicts." To the extent the parties are unable to

8  agree on all or some instructions and verdicts, their respective proposed instructions are due **14**

9  **days before trial**.

10     Counsel shall e-mail a copy of all proposed jury instructions and verdicts, whether agreed

11  or disputed, as a Word document to dcorders@caed.uscourts.gov no later than **14 days before**

12  **trial**; all blanks in form instructions should be completed and all brackets removed.

13     Objections to proposed jury instructions must be filed **7 days before trial**; each objection

14  shall identify the challenged instruction and shall provide a concise explanation of the basis for

15  the objection along with citation of authority. When applicable, the objecting party shall submit

16  an alternative proposed instruction on the issue or identify which of his or her own proposed

17  instructions covers the subject.

18  XXV.  TRIAL BRIEFS

19     As noted above, trial briefs are due **7 days before trial**.

20  XXVI. OBJECTIONS TO PRETRIAL ORDER

21     Each party is granted **14 days from the date of entry of this order** to file objections to

22  the same. Each party is also granted **7 days thereafter** to respond to the other party's objections.

23  If no objections are filed, the order will become final without further order of this court.

24  /////

25  /////

26  /////

27  /////

28  /////

1       The parties are reminded that pursuant to Rule 16(e) of the Federal Rules of Civil

2   Procedure and Local Rule 283 of this court, this order shall control the subsequent course of this

3   action and shall be modified only to prevent manifest injustice.

4

5

6       IT IS SO ORDERED.

7   Dated:  **January 27, 2025**

                                                            Dena Coggins

8                                                           United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12

**ATTACHMENT A**

Plaintiff's Witness List

1.  Plaintiff Russell Latta

2.  Dr. Wade Lanning, Ph.D

3.  Jack E. Hyde

4.  James L. Chen, M.D.

5.  Chip Winchester

6.  Grace Helena Taylor, M.D.

7.  Mary Piscitello Mercer, M.D.

8.  Jared Narvid, M.D.

9.  Ryan D Navarro, M.D.

10. Dr. Nicole Schroeder, M.D.

11. Marcus Dilallo, M.D.

12. Jasmine Y Fu, M.D.

13. Benn Lancman, M.D.

**ATTACHMENT B**

Defendants' Witness List

1.   Chip Winchester

2.   Jack E. Hyde

3.   James L. Chen, M.D.

4.   Russell Latta

**ATTACHMENT C**

Joint Exhibit List

| Exhibit | Description |
|---------|-------------|
| JX-1 | A Ryobi P507 Circular Saw (exemplar saw) |
| JX-2 | Demonstration Video of Ryobi P507 Circular Saw from YouTube (Dated June 21, 2023) |
| JX-3 | Underwriter's Laboratories, Inc. (UL) Certificate of Compliance, Number 20141125-E256053; LATTA_TTI_000032 |
| JX-4 | New Product Qualification Procedure No. 42, Subject: Battery Powered Circular Saws With And Without Laser Guides Latta; LATTA_TTI_000001 to LATTA_TTI_000006 |
| JX-5 | Product Qualification Report, Test No.: T20060172, T20145227, T20145858, T20145877, T20145922, T20146220, FAP3408/2014, Date: December 16, 2014; LATTA_TTI_000007 to LATTA_TTI_000017 |
| JX-6 | Final Safety Review, Ryobi P507: 6 ½ in. Circular Saw, January 5, 2015; LATTA_TTI_000017 |
| JX-7 | Preliminary Safety Review, Ryobi P507 18 V 6 ½ in. Circular Saw, March 17, 2014; LATTA_TTI_000018 |
| JX-8 | Gate 4 – Release to Ship to Customer Power Tool; LATTA_TTI_0000019 |
| JX-9 | Problem Summary Report, Project Name Ryobi DC P507 18v One+ Circular Saw; LATTA_TTI_000020 |
| JX-10 | Product Evaluation and Acceptance Criteria; LATTA_TTI_000021 to LATTA_TTI_000027 |
| JX-11 | Project Initialization Request; LATTA_TTI_000028 to LATTA_TTI_000031 |
| JX-12 | Certificate of Compliance; LATTA_TTI_000032 |

| JX-13 | File E256053, Project 4786633501, November 20, 2014, Report on Portable Electric Tools, Techtronic Industries Co LTD., Tsuen Wan, Hong Kong; LATTA_TTI_000033 to LATTA_TTI_000055 |
|---|---|
| JX-14 | Ryobi Operator's Manual / 6-1/2 in., 18 Volt Circular Saw P507 (36 pages); LATTA_TTI_000056 to LATTA_TTI_000091 |
| JX-15 | Ryobi 18 Volt Circular Saw Model Number P507 Repair Sheet (6 pages); LATTA_TTI_000092 to LATTA_TTI_000098 |

**ATTACHMENT D**

Plaintiff's Exhibit List

1.   Plaintiff's Medical Records for the incident and follow up treatments (Bates Stamp: RL_000012 to RL_000941)

2.   The Ryobi P507 Circular Saw (subject saw)

3.   A Ryobi P507 Circular Saw (exemplar saw)

4.   Video demonstration created by Russell Latta

5.   Video and photos from joint inspection conducted by Wade Lanning, Ph.D., and Jack E. Hyde, on or about February 6, 2024

6.   Underwriter's Laboratories, Inc. (UL) Certificate of Compliance, Number 20141125-E256053

7.   Pre and post photos of injury taken by Russel Latta (Bates Stamp: RL_000009 to RL_000010)

8.   Pictures of saw taken by Russell Latta (Bates Stamp: RL_000003 to RL_000006).

9.   New Product Qualification Procedure No. 42, Subject: Battery Powered Circular Saws With And Without Laser Guides Latta (Bates Stamp: LATTA_TTI_000001 to LATTA_TTI_000006)

10.  Product Qualification Report, Test No.: T20060172, T20145227, T20145858, T20145877, T20145922, T20146220, FAP3408/2014, Date: December 16, 2014 (Bates Stamp: LATTA_TTI_000007 to LATTA_TTI_000017)

11.  Final Safety Review, Ryobi P507: 6 ½ in. Circular Saw, January 5, 2015 (Bates Stamp: LATTA_TTI_000017)

12.  Preliminary Safety Review, Ryobi P507 18 V 6 ½ in. Circular Saw, March 17, 2014 (Bates Stamp: LATTA_TTI_000018)

13.  Gate 4 – Release to Ship to Customer Power Tool (Bates Stamp: LATTA_TTI_0000019)

14.  Problem Summary Report, Project Name Ryobi DC P507 18v One+ Circular Saw (Bates Stamp: LATTA_TTI_000020)

15.  Product Evaluation and Acceptance Criteria (Bates Stamp: LATTA_TTI_000021 to

17

LATTA_TTI_000027)

16.    Project Initialization Request (Bates Stamp: LATTA_TTI_000028 to LATTA_TTI_000031)

17.    Certificate of Compliance (Bates Stamp: LATTA_TTI_000032)

18.    File E256053, Project 4786633501, November 20, 2014, Report on Portable Electric Tools, Techtronic Industries Co LTD., Tsuen Wan, Hong Kong (Bates Stamp: LATTA_TTI_000033 to LATTA_TTI_000055)

19.    Ryobi Operator's Manual / 6-1/2 in., 18 Volt Circular Saw P507 (36 pages) (Bates Stamp: LATTA_TTI_000056 to LATTA_TTI_000091)

20.    Ryobi 18 Volt Circular Saw Model Number P507 Repair Sheet (6 pages) (Bates Stamp: LATTA_TTI_000092 to LATTA_TTI_000098)

21.    Deposition video and transcript of Chip Winchester, the Person Most Qualified for TTI Consumer Power Tools, Inc., October 5, 2023

22.    Deposition video and transcript of Defendants TTI Consumer Power Tools, Inc., and Home Depot U.S.A., Inc's retained expert, Jack E. Hyde, Jr., P.E. CSP, CPSM, WSO-CSS, CFI, CFEI, CVFI, January 16, 2024

23.    Plaintiff's demonstrative exhibits

**ATTACHMENT E**

Defendants' Exhibit List

| Exhibit | Description |
|---|---|
| A | P507 CofC; LATTA_TTI_000032 |
| B | P507 Formal Test Report; LATTA_TTI_000007 |
| C | P507 PSR 01052015; LATTA_TTI_000017 |
| D | P507 PSR 03172014; LATTA_TTI_000018 |
| E | P507 PSR RTS; LATTA_TTI_000019 |
| F | P507 UL Descriptive Report; LATTA_TTI_000034 |
| G | P507 UL Test Record; LATTA_TTI_000041 |
| H | P507 Operator's Manual; LATTA_TTI_000056 |
| I | P507 Packaging Artwork; LATTA_TTI_000098 |
| J | P507 Repair Sheet; LATTA_TTI_000092 |
| K | PEAC P507; LATTA_TTI_000021 |
| L | PIR 13-363; LATTA_TTI_000028 |
| M | PIR 13-363A; LATTA_TTI_000030 |
| N | 23 06 21 Latta - Youtube |
| O | 230720-O-FR-006 |
| P | 230720-O-FR-007 |
| Q | 230720-O-FR-008 |
| R | 230720-O-FR-011 |
| S | 230720-O-FR-043 |
| T | 230720-O-FR-045 |
| U | 230720-O-FR-046 |
| V | 230720-O-FR-047 |
| W | 230720-O-FR-049 |
| X | 230720-O-FR-050 |

| | |
|---|---|
| Y | 230720-O-FR-051 |
| Z | 230720-O-FR-052 |
| AA | 240206-O-002 |
| AB | 240206-O-004 |
| AC | 240206-O-006 |
| AD | 240206-O-008 |
| AE | 240206-O-009 |
| AF | 240206-O-010 |
| AG | 240206-O-011 |
| AH | 240206-O-012 |
| AI | 240206-O-014 |
| AJ | 240206-O-017 |
| AK | 240206-O-021 |
| AL | 240206-O-023 |
| AM | 240206-O-024 |
| AN | 240206-O-025 |
| AO | 240206-O-028 |
| AP | 240206-O-031 |
| AQ | 240206-O-032 |
| AR | 240206-O-034 |
| AS | 240206-O-038 |
| AT | 240206-O-041 |
| AU | 240206-O-042 |
| AV | 240206-O-043 |
| AW | 240206-O-044 |
| AX | 240206-O-045 |
| AY | 240206-O-046 |

20

| | |
|---|---|
| AZ | 240206-O-047 |
| BA | 240206-O-049 |
| BB | 240206-O-051 |
| BC | 240206-O-052 |
| BD | 240206-O-058 |
| BE | 240206-O-059 |
| BF | 240206-O-061 |
| BG | 240206-O-062 |
| BH | 240206-O-065 |
| BI | 240206-O-066 |
| BJ | 240206-O-068 |
| BK | 240206-O-069 |
| BL | 240206-O-070 |
| BM | 240206-O-071 |
| BN | 240206-O-072 |
| BO | 240206-O-077 |
| BP | 240206-O-081 |
| BQ | 240206-O-104 |
| BR | 240206-O-106 |
| BS | 240206-O-108 |
| BT | 240206-O-111 |
| BU | 240206-O-113 |
| BV | 240206-O-115 |
| BW | 240206-O-116 |
| BX | 240206-O-118 |
| BY | 240206-O-119 |
| BZ | 240206-O-120 |

| CA | 250121-O-FR-011 |
|---|---|
| CB | 250121-O-FR-017 |
| CC | 250121-O-FR-019 |
| CD | 250121-O-FR-020 |
| CE | 250121-O-FR-021 |
| CF | 250121-O-FR-022 |
| CG | 250121-O-FR-023 |
| CH | 250121-O-FR-027 |
| CI | 250121-O-FR-028 |
| CJ | 250121-O-FR-029 |
| CK | 250121-O-FR-032 |
| CL | 250121-O-FR-034 |
| CM | 250121-O-FR-035 |
| CN | 250121-O-FR-036 |
| CO | 250121-O-FR-037 |
| CP | 250121-O-FR-038 |
| CQ | 250121-O-FR-039 |
| CR | 250121-O-FR-044 |
| CS | Body and Hand Position Demonstration; Excerpt from videotaped deposition of plaintiff |
| CT | Figure 04; Excerpt from Operator's Manual |
| CU | Figures 11-12; Excerpt from Operator's Manual |
| CV | Latta 240206 sfa nts fnl; Notes from Jack Hyde's inspection of subject saw |
| CW | Latta 240206 sfa Spring force; Spring force measurements from Jack Hyde's inspection of subject saw |
| CX | Latta 250121 sfa nts exemplar; Notes from Jack Hyde's examination of exemplar saw |

| CY | Latta marker 2023-12-21; Screenshot from video prepared by plaintiff |
|----|----|
| CZ | P1290270; Photograph of exemplar saw |
| DA | P1290271; Photograph of warning label on exemplar saw |
| DB | P1290275; Photograph of measurement of exemplar saw |
| DC | Saw and hand position; Screenshot from video prepared by plaintiff |
| DD | Plaintiff's Deposition Video and Transcript |
| DE | All photos taken by Chip Winchester during inspection of subject saw |
| DF | Report and tables from report of Jack E. Hyde, Jr. |
| DG | Exemplar P507 Circular Saw |
| DH | 12/18/22 Report of Dr. James Chen of examination of Russell Latta |